Dear Representative Dorman:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Is it permissible for a public body that is otherwise authorized to conduct an executive session pursuant to the Oklahoma Open Meeting Act, [1] 25 O.S. Supp. 2008, § 307[25-307], to exclude a nonvoting ex officio member of the public body from being physically present during the executive session?
An "ex officio" member holds his or her position by reason of another office or position he or she holds. A.G. Opin. 98-43, at 204. An ex officio member who serves on a public body is therefore one "whose membership will therefore pass with the office to his or her successor." BLACK'S LAW DICTIONARY (8th ed. 2004, West, Westlaw) (defining "member").
Unless their authority is restricted by statute, ex officio members of public bodies are empowered to do "all things necessary and essential to carry out the purpose of the law creating" the public body. State ex rel. Aurora County v. Cir. Ct., Fifth Jud.Cir., 268 N.W.2d 607, 609 (S. D. 1978). An ex officio member may be a voting or nonvoting member of the public body and is usually denoted as one or the other by statute. "The fact that [an ex officio member] cannot vote does not negate the fact that he or she still holds a position of trust, command and authority; that he or she still is in a position of influence; and that he or she still may act under color and by virtue of his or her office." A.G. Opin. 06-28, at 191. *Page 2 
Although the deprivation of a member's right to vote certainly reduces his or her influence upon the public body, it does not make that member any less able to take part in discussions. Nowhere does the Open Meeting Act mention ex officio members, either voting or nonvoting; rather, it merely sets out the requirements the public body must follow in holding meetings (including executive sessions).[2] If the Legislature had intended to impose some further restrictions upon nonvoting ex officio members it would have so stated, either in the Open Meeting Act or in the statutes governing the particular public body.See, e.g., 70 O.S. 2001, § 5-113.2[70-5-113.2] (providing that school board members involved in certain litigation may be excluded from executive sessions by majority vote of the board members); 2009 Okla. Sess. Laws ch. 253, § 2(D) (amending 70 O.S. 2001, § 5-113.1 [70-5-113.1]) (providing that board of education memberS shall not attend executive sessions involving personnel or litigation matters regarding a person to whom they are related).
In light of this, there is no reason that nonvoting ex officio members of a public body cannot attend executive sessions of that body, unless some provision of law expressly limits their attendance and/or participation therein. In the absence of such restrictions, a public body may not exclude nonvoting ex officio members from executive sessions.[3] Accord
Conn. Op. Att'y Gen. No. 2005-016, 2005 WL 1609336; Ark. Op. Att'y Gen. No. 2001-286, 2001 WL 1555401.
 It is, therefore, the official Opinion of the Attorney General that:
 1. An "ex officio" member holds his or her position on a public body by reason of another office or position he or she holds. A.G. Opin. 98-43, at 204. An ex officio member may be either a voting or nonvoting member, depending on the relevant law. *Page 3 
 2. Even if an ex officio member is nonvoting, he or she is still a member of the public body and may participate in discussions, both in open sessions and executive sessions.
 3. Unless some provision of law provides otherwise, a public body that is otherwise authorized to conduct an executive session pursuant to the Oklahoma Open Meeting Act, 25 O.S.Supp. 2008, § 307[25-307], may not exclude a nonvoting ex officio member of the public body from being physically present during the executive session.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DEBRA SCHWARTZ ASSISTANT ATTORNEY GENERAL
[1] 25 O.S. 2001 Supp. 2008, §§ 301 — 314.
[2] The only provision we have found in the Open Meeting Act that expressly limits who may attend an executive session is subsection (D) of Section 307 (limiting attendance to members of the public body, the public body's attorney, and the immediate staff of the public body when an executive session is held to discuss the purchase or appraisal of real property and excluding anyone (including, presumably, a member of the public body) "who may profit directly or indirectly by a proposed transaction concerning real property which is under consideration").
[3] This Opinion does not address whether a public body has the inherent power to exclude any of its members from an executive session due to a conflict of interest or other circumstance where a member's attendance could be detrimental to the purpose of having the executive session. *Page 1